FILED IN THE
U.S. DISTRICT COURT
EASTERN DISTRICT OF WASHINGTON

Jul 06, 2026

SEAN F. McAVOY, CLERK

UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF WASHINGTON

| | |
|---|---|
| INTERMOUNTAIN RETAIL STORE EMPLOYEES PENSION TRUST, an Employee Benefit Fund; TERRIE TRETTENBACK and JESSICA Y. KONG, in their capacities as Fund Trustees, | No. 2:25-CV-00192-JAG |
| Plaintiffs, | ORDER GRANTING DEFAULT JUDGMENT |
| v. | **MOTION GRANTED** **(ECF No. 11)** |
| LICINI PRINT SHOP, INC., a Montana corporation, | |
| Defendant. | |

Pending before the Court is Plaintiffs' Motion for Default Judgment. ECF No. 11. Following entry of the Clerk's Order of Default, ECF No. 10, Plaintiffs seek default judgment due to Defendant's failure to appear in the case. The Court has reviewed the file, Plaintiffs' Motion for Default Judgment, ECF No. 11; the Declaration of Philip O'Brien, ECF No. 12; and the Declaration of Noelle Dwarzski, ECF No. 13. The Court is fully informed.

Fed. R. Civ. P. 55 authorizes entry of default judgment by the clerk where a defendant fails to appear and plaintiff's claim is for a sum certain, but when, as in this case, Plaintiff seeks monetary relief beyond the sum certain contained in the

ORDER - 1

Complaint, judicial review is required.  Fed. R. Civ. P. 55.  Although "default judgments are ordinarily disfavored," where a Defendant has not appeared, a court may grant default judgment.  *Eitel v. McCool*, 782 F.2d 1470, 1472 (9th Cir. 1986).

The following factors guide the Court's analysis of whether to grant default judgment:

> (1) the possibility of prejudice to the plaintiff, (2) the merits of plaintiff's substantive claim, (3) the sufficiency of the complaint, (4) the sum of money at stake in the action; (5) the possibility of a dispute concerning material facts; (6) whether the default was due to excusable neglect, and (7) the strong policy underlying the Federal Rules of Civil Procedure favoring decisions on the merits.

*Id.* at 1471–72.

Defendant has not appeared or filed an Answer.  Upon review of the case file; Plaintiffs' Motion for Default Judgment, ECF No. 11; the Declaration of Philip O'Brien, ECF No. 12; and the Declaration of Noelle Dwarzski, ECF No. 13, the Court finds that all of the *Eitel* factors weigh in favor of granting default judgment.  First, without default Plaintiffs will have no remedy, thus the possibility of prejudice is great.  Considering the second, third and fifth factors together, the Complaint appears to state a clear claim and facts supporting that claim.  Based on the Court's review of the Complaint, the substantive claims have merit, the Complaint is sufficient, and the material facts appear to be largely undisputed. Turning to the fourth factor, the sum of money at stake is not exorbitant; the bulk of the request is an amount certain that Defendant had previously had the opportunity to contest, but did not.  The remaining amount is tied directly to the lawsuit and the fees requested are reasonable.  This factor weighs in favor of default judgment.  As for the sixth factor, the Court has no indication that the default was due to excusable neglect.  Defendant never appeared or filed any pleading addressing the instant lawsuit despite having been personally served.

ORDER - 2

Therefore, although strong policy generally favors resolution on the merits, in this case the *Eitel* factors weigh in favor of granting Plaintiffs default.

Accordingly, **IT IS ORDERED:**

1.    Plaintiffs' Motion for Default Judgment, **ECF No. 11**, is **GRANTED**.

2.    A judgment shall be entered in favor of Plaintiffs for a total amount of **$39,821.06**, which is comprised of:

    a.    $26,956.00 in withdrawal liability;

    b.    $4,798.36 in interest;

    c.    $5,391.20 in liquidated damages;

    d.    $540.00 in costs; and,

    e.    $2,135.00 in attorneys' fees.

3.    This case is **DISMISSED WITH PREJUDICE.**

**IT IS SO ORDERED.**

The District Court Executive is directed to file this Order, provide copies to counsel, enter a judgment in favor of Plaintiff  and **CLOSE** this file.

DATED July 6, 2026.



_____
JAMES A. GOEKE
UNITED STATES MAGISTRATE JUDGE

ORDER - 3